UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHOICE EXPLORATION, INC., | § | |
| PETRODOME LIBERTY, LLC, and | § | |
| PETRODOME ENERGY, LLC, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1519-X |
| | § | |
| GEMINI INSURANCE CO., BERKLEY | § | |
| OIL & GAS SPECIALITY SERVICES, | § | |
| LLC, and SUZANNE ROBERTS, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

This is the Court's second rodeo with these parties.  While the parties disagree

on pretty much every specific thing, they generally agree that they don't want to be

here (again).  Defendant Gemini Insurance Co.'s (Gemini) filed a Motion to Transfer

to send this case to the Beaumont Division of the Eastern District of Texas.  (Doc. 6).

The plaintiffs filed a Motion to Remand to get back to state court.  (Doc. 12).  For the

reasons explained below, the Court agrees with Gemini and **GRANTS** the motion to

transfer.  The motion to remand remains pending.

### I.     Factual Background

This lawsuit stems from a very bad week the Kent Spradley #1 Well in Liberty

County had back in September of 2015.  At that time, Gemini insured the well under

Section IA for costs to bring the well under control and under Section IB for costs to

plug, restore, or redrill the well.  Oil and litigation flow freely in Texas.  Oil flowed uncontrollably at the Kent Spradley #1 well and the litigation followed.[1]

In December 2020, Choice Exploration, Inc. (Choice) sued Gemini in Dallas County state court under section IA (well control costs) and sought damages of less than $30,000.    In April 2021, Gemini sued Choice in the Eastern District of Texas for a declaratory judgment on its policy obligations under Section IB (reworking/redrilling costs).  On June 8, 2021, Choice amended its state court petition to, among other things, add claims under Section IB and increase claimed damages to over $1 million.   That case is this case, which Gemini removed once the amount in controversy exceeded the federal threshold for diversity jurisdiction.

On June 10, 2021, Choice moved to dismiss the Eastern District case on the basis of *Brillhart* abstention.[2]  And in this case, Choice moved to remand to state court and Gemini moved to transfer to the Eastern District, where the related case is pending.

## II.    Motion to Transfer

First, the Court must address order of operations on the motions to remand and transfer.  There is no rule, statute, or binding judicial decision on which motion the Court must take up first.[3]  A former magistrate judge of this Court (who happens

---

[1] This Court handled a prior round of litigation on Section IB, concluding the parties had a duty to undertake good faith negotiations for well repair.  *See Gemini Ins. Co. v. Choice Exploration, Inc.*, No. 3:18-CV-01393-X (N.D. Tex.) (Starr, J.).

[2] Motion to Dismiss (Doc. 7), *Gemini Ins. Co. v. Choice Exploration, Inc.*, No. 1:21-CV--00205-MJT.

[33] *See Gould v. National Life Ins. Co.*, 990 F. Supp. 1354, 1362–63 (M. D. Ala. 1998) ("Indeed, there is no federal law or statute, or judicial decision, that requires this court to decide a motion to remand before it decides a motion to transfer.").

to be the mediator on this case) once took up a transfer motion first.[4]  That judge, as well as others, have found this order particularly important when (as here) the transferee federal court has a related suit.[5]  Even without a related suit waiting in the transferee federal court, the logic of handling the motion to transfer first is sound. The two questions in these two motions are: (1) does this case belong in state or federal court, and (2) if it belongs in federal court, which federal court should it be in? Sure, this Court could jump right into the question of whether this is a federal case. But if this federal court is not the right federal court, what business does this Court have in deciding that issue?  The Court believes that the more appropriate role is first to decide if it is the right federal court.[6]  If it is the right federal court, the Court will proceed to decide if remand is appropriate.  And if it is not the right federal court, this Court will transfer it to the right Court, which can rule on the motion to remand.

### A.    Legal Standard for Transfer Motions

Section 1404(a) provides that a case may be transferred: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[7]  The Court must

---

[4] *Doubletree Partners, L.P. v. Land Am. Title Co.*, No. 3-08-CV-1547-O, 2008 WL 5119599, at *2 (N.D. Tex. Dec. 3, 2008) (Kaplan, M.J.).

[5] *Id.*; *see also Huntsman Corp. v. Int'l Risk Ins. Co.*, No. 1:08-CV-029, 2008 WL 1836384 at *3 (E.D. Tex. Apr. 22, 2008).

[6] Choice and the other plaintiffs contend this Court must first decide if there is federal jurisdiction (*i.e.*, the motion to remand).  Sure, some courts take this approach.  But if this Court isn't the right federal court, it shouldn't be deciding if there is federal jurisdiction.

[7] 28 U.S.C. §1404(a).

3

"evaluate both the convenience of the parties and various public-interest considerations[,] . . . weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice."[8]   The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[9] And the public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."[10]

## B.    Analysis

Gemini contends the public and private factors weigh in favor of a transfer. Choice responds that (1) Gemini is estopped from protesting venue because it litigated in Dallas for years in the prior suit without protesting venue; (2) Gemini waived the venue argument by not filing a special appearance or challenge to the jurisdiction in state court before answering; and (3) the public and private factors weigh against a transfer.  The Court agrees with Gemini.

---

[8] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013) (cleaned up).

[9] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (cleaned up).

[10] *Id*. (cleaned up).

4

As an initial matter, the Court must address Choice's two threshold arguments.  The first is that Gemini never protested venue here in the prior suit and is estopped from doing so now.  Choice never cites a case for this proposition,  and the Court finds the argument unavailing.  Estoppel is an equitable remedy, but transfers to other federal courts are governed by statute (28 U.S.C. § 1404).  This Court will not use a general equitable defense to override Congress.

Choice's second threshold argument is that Gemini's state court answer waives its jurisdictional argument.  In support, Choice relies on *Wilstead v. Comer*.[11]  In *Wilstead*, the Northern District explained the two steps in arriving at such a situation.  First, Texas courts recognize that a "a defendant waives the right to challenge venue by filing an answer in state court without challenging venue."[12]  Second, a defendant who removes such a case to federal court waives the objection.[13]

Gemini responds that this line of Northern District cases still recognizes that even if a removing defendant did not object to venue in state court, the federal court should still proceed to address the question of "whether the action should be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, in the interest of justice."[14]

---

[11] No. 3:20-CV-2788-D, 2021 WL 1338270, at *1 (N.D. Tex. Apr. 9, 2021) (Fitzwater, J.).

[12] *Id*. (citing *West v. City Nat'l Bank of Birmingham*, 597 S.W.2d 461, 464 (Tex. Civ. App.— 1980, no writ)).

[13] *Id*.; *see also Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998) (McBryde, J.) (citing *Seaboard Rice Milling Co. v. Chi., R.I. & P. Ry.*, 270 U.S. 363, 367 (1926)).

[14] *Burlington*, 990 F.Supp. at 504 (cleaned up).

5

The Court believes it must still proceed to a transfer analysis under section 1404.  When Gemini answered this action while in state court, this action did not resemble the full federal action in the Eastern District.  When it did resemble that full action, Gemini removed it and moved to transfer under section 1404.

As such, the Court must consider the private and public factors under section 1404.

Private factors 1 and 2: The relative ease of access to sources of proof and a compulsory process to secure witness attendance.  The well is in the Eastern District. Choice documents and witnesses are in the Northern District.  A majority of the nonparty documents and witnesses is in the Houston area and within 100 miles of the Beaumont Division of the Eastern District.[15]  Parties can compel their employees to attend trial wherever, but the federal subpoena power only extends 100 miles.[16] This factor heavily favors the Eastern District, and witness availability is one of the most important factors.[17]

Private factor 3: The cost of attendance for willing witnesses.  Having Choice's Dallas witnesses travel to Beaumont is more costly than staying in Dallas.  But having

---

[15] Gemini's reply indicates six nonparty witnesses are in Houston and one is in Dallas.

[16] *See Mercury Luggage Mfg. Co. v. Domain Prot. LLC*, No. 3:19-CV-1939-M, 2021 WL 2515753, at *2 (N.D. Tex. June 8, 2021) (Horan, M.J.) ("[A]lthough Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party.").

[17] *Mt. Hawley Ins. Co. v. Budget Inn & Lodges Mgmt. Co.*, LLC, No. 3:12-CV-3662-N, 2013 WL 12125992, at *2 (N.D. Tex. June 7, 2013) (Godbey, J.) ("The convenience of witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue." (cleaned up)).

Houston witnesses travel to Dallas is more costly than traveling to Beaumont.  This factor weighs slightly in favor denying a transfer.

Private Factor 4. All other practical problems that make trial of a case easy, expeditious, and inexpensive.  Practically, Choice prefers Dallas and Gemini prefers Beaumont.  This is a wash.

Public Factor 1. The administrative difficulties flowing from court congestion. Gemini has shown the caseload per active judge in the Eastern District is 380, compared to the 450 cases per active judge in the Northern District.  This favors a transfer.

Public Factor 2.  The local interest in having localized interests decided at home.  The well is in the Eastern District but the insurance contract was negotiated in the Northern District.  The insurance agreement concerns reworking or redrilling, and those effects are certainly felt in the Eastern District.  True, this Court did interpret the contract in the prior case to assess that the parties were under a provision requiring good faith negotiation.  But that construction yielded the conclusion that the parties' claims at that time were not yet ripe, so the Court dismissed the claims without prejudice.  As a result of the dismissal without prejudice, that construction of the contract cannot bind another court (or even this one).  On balance, this factor weighs in favor of a transfer.

Public Factor 3. Familiarity of the forum with the law that will govern the case.  Both parties agree this factor is neutral, as does the Court.

7

<u>Public Factor 4. The avoidance of unnecessary problems of conflict laws or in application of foreign law.</u>  Both parties agree this factor is neutral, as does the Court.

On balance, the compulsory process for securing witness testimony, convenience to nonparty witnesses, and local interest warrant transferring this case.

### III.   Motion to Remand

There also remains the motion to remand to state court.  But as the Court explained earlier, the proper federal court to consider the remand motion is the Eastern District of Texas.  Accordingly, this Court declines to rule on that motion.

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Gemini's motion to transfer and transfers this case to the Beaumont Division of the Eastern District of Texas.

**IT IS SO ORDERED** this 17th day of December, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE